1
2
3
4                           UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7    TIMOTHY M. CAISSE,                        Case No.  20-cv-03155-HSG
8                      Petitioner,             **ORDER OF DISMISSAL; DENYING**
9           v.                                 **CERTIFICATE OF APPEALABILITY**
10   G MATTHESON,
11                     Respondent.
12
13          Petitioner, a state prisoner incarcerated at California State Prison – Solano, has filed a *pro
14   se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from
15   Contra Costa County Superior Court.  Dkt. No. 1 at 1.  Petitioner has paid the filing fee.  Dkt. No.
16   7.
17                                    **BACKGROUND**
18          In 1990, petitioner was convicted by a Contra Costa County jury of second-degree murder
19   (Cal. Pen. Code § 187).  The trial court sentenced petitioner to 15 years to life in prison.  Dkt. No.
20   1 at 1.  Petitioner reports that the state appellate court denied his appeal, and the California
21   Supreme Court denied his petition for review following the appeal.  Dkt. No. 1 at 2.
22          On December 12, 2019, petitioner filed a habeas corpus petition with the California
23   Supreme Court, raising a claim that the state court lacked jurisdiction to hear his case because his
24   charges were not disclosed to him.  Dkt. No. 1 at 3.  The California Supreme Court denied the
25   petition.  Dkt. No. 1 at 3.
26   //
27
28

United States District Court
Northern District of California

1    On or about April 26, 2020, petitioner filed the instant federal habeas petition.[1]

2

### DISCUSSION

3

**A.**     **Standard of Review**

4    This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

5 custody pursuant to the judgment of a State court only on the ground that he is in custody in

6 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

7 district court considering an application for a writ of habeas corpus shall "award the writ or issue

8 an order directing the respondent to show cause why the writ should not be granted, unless it

9 appears from the application that the applicant or person detained is not entitled thereto." 28

10 U.S.C. § 2243.

11

**B.**     **Claims**

12    Petitioner alleges the following grounds for federal habeas relief. The state court lacked

13 jurisdiction to consider the charges against him because he was "held to answer for an infamous

14 crime without indictment of a grand jury;" petitioner was denied the right to be informed of the

15 nature and cause of the charges against him when the prosecution was commenced with a felony

16 complaint and not a grand jury indictment; and petitioner is being confined pursuant to an

17 unlawful conviction, which has deprived him of his liberty without due process and denied him

18 the right to enjoy life and liberty and to be secure in his person. Petitioner concludes that, because

19 of these errors, his conviction and sentence violate the California Constitution, Art. I, §§ 1, 7, 13,

20 14, and 15, and the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States

21 Constitution. Dkt. No. 1 at 12, 31-32.

22    First, an alleged error in interpretation or application of state law is not a ground for federal

23 habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Petitioner's claims that his

24 conviction and imprisonment violate the state constitution or state law do not state cognizable

25 claims for federal habeas relief.

26

27

28

---

[1] The Court affords petitioner application of the mailbox rule as to the filing of his habeas petition. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from the date prisoner delivers it to prison authorities). It appears that petitioner gave his petition to prison authorities for mailing on or about April 27, 2020. Dkt. No. 1 at 53.

United States District Court
Northern District of California

Second, because the right to a grand jury has not been applied to the states via the Fourteenth Amendment, *see Apprendi v. New Jersey*, 530 U.S. 466, 499 (2000) (citing *Hurtado v. California*, 110 U.S. 516, 538 (1884)), the failure to obtain grand jury indictment prior to charging petitioner does not raise a question of federal law and is not cognizable on habeas review, *see* 28 U.S.C. § 2254(d); *see also James v. Reese*, 546 F.2d 325, 327–28 (9th Cir. 1976) (because Fifth Amendment's grand jury requirement is not applicable to states, prosecution via information is not unconstitutional).

Third, petitioner has not stated a cognizable Sixth Amendment claim.  The Sixth Amendment guarantees a criminal defendant the right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a case.  *See In re* Oliver, 333 U.S. 257, 273 (1948).  However, petitioner was not unaware of the nature and cause of the charges against him.  He was informed of the charges via a felony complaint.  Petitioner argues that federal law requires that a defendant accused of a serious felony be informed of the nature of cause of the charges against him via a grand jury indictment.[2]  Petitioner's argument is incorrect.  There is no federal constitutional provision, whether under the Fifth Amendment or the Sixth Amendment, requiring that a criminal defendant be informed of the nature and cause of the charges against him via a grand jury indictment or in a manner prescribed by state law. To the extent that initiating a criminal prosecution by filing a felony complaint is barred by state law, this is a state law violation which fails to state a claim for federal habeas relief.  *See Estelle*, 502 U.S. at 68.

Fourth, petitioner has not stated a cognizable Fourth Amendment claim.  Petitioner argues that the state court's lack of jurisdiction has rendered his conviction invalid, thereby rendering his incarceration an "unreasonable seizure" of his person, in violation of the Fourth Amendment.  Dkt. No. 1 at 31-32.  This claim fails because it relies on the incorrect argument that petitioner's conviction violates the Fifth Amendment.

---

[2] Petitioner also argues that state requires that a defendant accused of a serious felony be informed of the nature of cause of the charges against him via a grand jury indictment, and that the use of a felony complaint is illegal and constitutes fraud upon the court.  These are claims of state law error which do not state cognizable claims for federal habeas relief.  *See Estelle*, 502 U.S. at 68.

United States District Court
Northern District of California

Fifth, petitioner has not stated a cognizable Fourteenth Amendment due process claim. Petitioner argues that his conviction violates his right to procedural due process because he did not receive notice of the specific charges for which he was charged when he was charged by a felony complaint instead of grand jury indictment. This claim fails because it too relies on the incorrect argument that petitioner's conviction violates the Fifth Amendment.

Finally, the instant petition appears to be untimely. Generally speaking, petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(2)(A). The commencement of the limitations period can be delayed if petitioner was prevented from filing by unconstitutional state action or if petitioner is asserting a claim based on a right newly recognized by the Supreme Court and made retroactive to cases on collateral review; or if the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). The limitations period is tolled for the time during which a properly filed application for state post-conviction or other collateral review is pending. *Id.* § 2244(d)(2). Petitioner was sentenced nearly thirty years ago. Petitioner has not argued that, and the record does not support a finding that, he is entitled to delayed commencement of the limitations period or tolling of the limitations period. Assuming arguendo that charging petitioner by felony complaint constituted unconstitutional state action, this did not prevent petitioner from filing the instant habeas petition. Petitioner's claims are not based on a right newly recognized by the Supreme Court and made retroactive to cases on collateral review, And finally, petitioner has always been aware of the factual predicate of this claim: that he was not charged by a grand jury indictment.

### CONCLUSION

For the foregoing reasons and for good cause shown, the petition is DISMISSED for failure to state a cognizable claim for federal habeas relief.

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529

4

1    U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is DENIED.

2         **IT IS SO ORDERED.**

3    Dated:  9/28/2020

4    _____

5    HAYWOOD S. GILLIAM, JR.
     United States District Judge

United States District Court
Northern District of California

5